Warren Davis v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-531-CR

WARREN DAVIS APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Warren Davis of aggravated assault with a deadly weapon and assessed his punishment at fifteen years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  The trial court sentenced him accordingly.  Appellant brings a single point, complaining that the trial court erred by including an instruction on serious bodily injury in the jury charge at the guilt phase of the trial.  Because we hold that the trial court did not err, we affirm the trial court’s judgment.

The indictment charged Appellant with intentionally or knowingly causing bodily injury to the complainant by shooting him with a firearm and with using or exhibiting a deadly weapon during the commission of the assault.  In the jury charge, the trial court defined deadly weapon as a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury or anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.
(footnote: 2)  The trial court then defined serious bodily injury as bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.
(footnote: 3)  Appellant did not object to the definition at trial.

We hold that the trial court properly instructed the jury on the definition of serious bodily injury as part of the definition of deadly weapon.  We overrule Appellant’s sole point and affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  December 8, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See
 
Tex. Penal Code Ann.
 § 1.07(a)(17) (Vernon Supp. 2005).

3:
See id.
 § 1.07(a)(46).